# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEAWORTH SHIPPING S.A.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER** |
| **CENTURION BULK PTE LTD.** | **SECTION** |
| | **JUDGE** |
| | **MAGISTRATE** |

## VERIFIED COMPLAINT, PRAYER FOR PROCESS AND RELIEF BY MARITIME ATTACHMENT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Seaworth Shipping S.A. ("Seaworth"), and for its Verified Complaint against defendant, Centurion Bulk Pte Ltd., *in personam*, alleges on information and belief as follows:

### JURISDICTION, VENUE, AND PARTIES

1.       This is an admiralty and maritime claim within the jurisdiction of the United States and of this Honorable Court within the meaning of Rule 9(h) and Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure in a cause of action for breach of a charter and/or contract of affreightment.

2.        This action is for security in aid of arbitration pursuant to 9 U.S.C. §1, *et. seq.*, 9 U.S.C. §201, *et. seq.* and other applicable laws of the United States and/or the State of Louisiana.  Plaintiff is entitled to arbitrate this matter in London pursuant to the applicable contracts and/or charter parties; alternatively, should it be found that plaintiff is not entitled to arbitrate this claim under the applicable contracts, this claim should be resolved before this Honorable Court.

1

3.     At all times material, plaintiff Seaworth was and is a legal entity organized and existing under and by virtue of the laws of a foreign country.

4.     At all times material, defendant Centurion was and is a corporation or other legal entity organized and existing under and by virtue of the laws of a foreign nation, with its principal place of business outside the United States.

5.     Defendant cannot be found within this District within the meaning of  Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; however, on information and belief, defendant has property, goods, chattels, or credits and effects that are now or soon will be within this District, to-wit: bunkers, cargo and/or other goods aboard the M/V FOUR RIGOLETTO.

6.     It is also believed that defendant may have funds on deposit with local steamship agents T. Parker Host, Inc. or Tricon Steamship Agency, Inc. which funds are property of defendant and subject to attachment and garnishment.

7.     Seaworth entered into a NYPE 1946 time charter party dated 27 February 2019 (Exhibit "A") which Seaworth refers to as if copied *in extenso*.

8.     Pursuant to the charter, Seaworth offered, and defendant accepted, the CHARISMA for the carriage of cargo, but then failed to pay all sums properly owed to Seaworth.

9.     This led to Seaworth initiating arbitration in London seeking recovery of $554,861.23.

10.     The applicable charter clearly and unequivocally provides for binding arbitration in London.

2

11.     The purpose of this civil action is to obtain monetary security pending the conclusion of arbitration proceedings and/or the conclusion of litigation between the parties. This security has been voluntarily requested on numerous occasions, but Centurion, without cause, has refused to post the requested security.

12.     To the extent the owner of bunkers and/or cargo aboard M/V FOUR RIGOLETTO claims to be a nominally different entity than Centurion Bulk Pte. Ltd., defendant herein, plaintiff claims the involved entities are all commonly controlled and, at all relevant times, held and continue to hold themselves out to the world as being associated companies and are recognized as such within the maritime and shipping community.

13.     Upon information and belief, the entities share officers, directors, and personnel.

14.     Upon information and belief, the entities regularly intermingle funds and interchangeably pay each other's debts.

15.     Upon information and belief, the entities are alter egos of one another.

16.     Upon information and belief, the common officers of the entities exercise complete domination and control over the other entities and/or disregard the other entities' corporate form and/or conduct the business and operations of the other defendant as if the same were the common officers' own, and vice versa; therefore, adherence to the fiction of the separate existence of the entities as distinct from one another would permit an abuse of the corporate privilege and would sanction fraud and promote injustice.

PD.28456230.1

17.     Plaintiff reserves the right to amend and/or supplement its pleadings as necessary and/or as the facts become more fully known, and reserves the right to compel immediate discovery of information bearing on the identity of the entities and the alter ego allegations made herein.

18.     On information and belief, the premises of this Complaint are true and correct, and within the Admiralty and Maritime jurisdiction of the United States of America and this Honorable Court.

WHEREFORE, plaintiff, Seaworth Shipping S.A., prays that:

1.     Process in due form of law, according to the rules of practices of this Honorable Court in cases of admiralty and maritime jurisdiction issue against defendant, Centurion Bulk Pte Ltd., and that, after arbitration and/or due proceedings, there be judgment against defendant in an amount presently estimated at $554,861.23, plus interest, costs and attorneys' fees (which are recoverable under English law, made applicable by the contracts herein), with said total amount presently estimated at $750,000.00;

2.     That the bunkers, cargo or other property of defendant aboard the M/V FOUR RIGOLETTO and all other property of defendant and/or local agents within this District be attached and/or garnished pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime claims and 9 U.S.C. §8 and/or 9 U.S.C. §201, *et. seq.*, and the laws and statutes of the State of Louisiana for writ of foreign attachment or garnishment in the amount of $750,000.00, plus interest, costs and attorneys' fees, all pursuant to writ of attachment and/or garnishment as authorized or permitted by the Federal Rules of Civil Procedure and the laws and statutes of the State of Louisiana;

4

3.      That after due proceedings be had, that any and all goods and chattels of defendant in the hands of third parties be retained within this jurisdiction pending the outcome of this litigation and/or arbitration proceedings (or pending the issuance of proper and solvent security by defendant); and

4.      That plaintiff have such other and further relief as law and justice and equity may allow.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    *s/ Kevin J. LaVie*
          Kevin J. LaVie (#14125)
          Adam N. Davis (#35740)
          Canal Place
          365 Canal Street • Suite 2000
          New Orleans, Louisiana 70130-6534
          Telephone: (504) 566-1311
          Telecopier: (504) 568-9130
          Attorneys for Plaintiff, Seaworth Shipping S.A.

PD.28456230.1

<u>VERIFICATION</u>

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

**KEVIN J. LAVIE**

who, upon being duly sworn, did depose and say:

That he is a member of the firm of Phelps Dunbar LLP, attorneys for plaintiff; that he has read the foregoing Complaint, and the facts contained therein are true and correct to the best of his knowledge, information, and belief, and that the source of this information is communications received from the plaintiff and their agents; that he has been authorized by the plaintiff to execute this verification on plaintiff's behalf; and that he makes this verification as attorney because no officer of plaintiff is located at the place of the Court.

_____
KEVIN J. LAVIE

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 14th DAY

OF APRIL 2020.

_____
NOTARY PUBLIC

Mens Martin McLeod
Notary Public
State of Louisiana
Louisiana Bar Roll # 24946

PD.28456230.1

6